Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of GUSTAVE A. HALLETZ, Respondent, for Compensation under the Workmen's Compensation Law, *v.* LAFAYETTE WISEMAN, Employer, and NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, July 8, 1920.

**Workmen's Compensation Law — injury to person driving his own truck to supply goods to stock farmer — farm labor — independent contractor.**

The owner of an automobile truck who received from a stock farmer twenty-five dollars a day for the use of the truck to bring garbage to his employer's premises to feed hogs and who was injured while unloading the truck, was at the time engaged in farm labor and is not entitled to an award under the Workmen's Compensation Law.

Moreover, under the circumstances, the claimant was an independent contractor.

KILEY, J., dissents in part.

APPEAL by the defendants, Lafayette Wiseman and another, from an award of the State Industrial Commission, made on the 5th day of August, 1919, affirming an award made on the 17th day of April, 1919, and making a further award.

*Frederick Mellor,* for the appellants.

*Charles D. Newton,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

The employer, Wiseman, was a stock farmer at Union Corners, Bronxville, N. Y. The employee, claimant, was a chauffeur on an auto truck working for the employer, and on January 22, 1919, while unloading merchandise, he fell from the truck and sprained and lacerated his ankle. The employer had a contract with the United States government to take away from Pelham Bay camp garbage in iron or tin containers; he paid something for the garbage and carted it to his farm to feed his pigs. Claimant owned a five-ton truck; he was employed by Wiseman, his employer, to drive the truck and draw the cans to his employer's farm; claimant did not handle the cans, either loading or unloading, and had nothing to do with the disposal of the contents after they reached the farm. He received twenty-five dollars a day and furnished his truck, gasoline, etc.

Appellant, insurance company, urges that claimant was either engaged in farming, which is not a hazardous occupation, or that he was an independent contractor, and, therefore, it is not liable for compensation. Passing on the last proposition first: In my opinion the claimant was not an independent contractor. (*Matter of McNally* v. *Diamond Mills Paper Co.,* 223 N. Y. 83.) The majority of my associates do not agree with me on the proposition, however. The argument that claimant was, in effect, a farm laborer presents greater difficulty. The employer was engaged in extensive and intensive farming; he ran his farm for profit raising hogs for market; he purchased this garbage from the government to feed those hogs; paid for it, part in money and part in labor which he hired the claimant to perform; claimant was in no

different position performing those services than if he had been sent to the feed store for a load of feed with which to feed the hogs on the farm; my conclusion is that claimant was engaged in farm labor. I find no similar case; but *Casterline* v. *Gillen* (182 App. Div. 105) and *Brockett* v. *Mietz* (184 id. 342) are indicative of this solution.

The award should be reversed and claim dismissed.

All concur.

Award reversed and claim dismissed.