## NAVAR et al. v. UNITED STATES.

### Civ. No. 333.

District Court, W. D. Texas,
El Paso Division.

Aug. 2, 1945.

J. L. Rasberry (Burges, Scott, Rasberry & Hulse), of El Paso, Tex., for plaintiff.

Wm. R. Smith, Jr., U. S. Atty., and Harold L. Sims, Asst. U. S. Atty., both of El Paso, Tex., Western District of Texas, Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Robert R. Reynolds, Jr., Sp. Assts. to Atty. Gen., for defendant.

BOYNTON, District Judge.

Action is brought by the plaintiffs herein for refund of taxes alleged erroneously claimed, illegally assessed and collected by the Commissioner of Internal Revenue as Social Security Taxes, under Section 1600, Title 26 U.S.C.A.Int.Rev.Code; for services rendered plaintiffs by three classifications of employees, to-wit: (1) Workers in the processing plant. (2) Repairmen or mechanics. (3) Truck drivers. Plaintiffs alleging the work done by said employees was "agricultural labor" within Secs. 811(b) (1) and 907(c) (1) of the Social

Security Act, Secs. 1426(b) (1) and 1607 (c) (1), Internal Revenue Code, 26 U.S. C.A., and Treasury Regulations 91, Art. 6 under Title VIII and 90, Art. 206(1) under Title IX of the Social Security Act, and as such exempt from taxation under the provisions of the Social Security Act.

The services of all other workers on plaintiffs' dairy farm, except the three classifications above listed, are conceded to be "agricultural laborers".

### Findings of Fact.

(Based on written stipulation of parties, filed in case as "Stipulation of Facts").

1. Paragraph 29 of "Stipulation of Facts" being in part as follows: "Said taxes were paid by virtue of the employment by plaintiffs of three classifications of employees, to-wit: (1) workers in the processing plant as herein described, (2) repairmen or mechanics as herein defined and (3) truck drivers also herein described. Should the wages of the workers of all three classifications be held to be exempt from taxation under the provisions of the Social Security Act, plaintiffs would be entitled to recover the entire sum mentioned. Should the wages of the workers of some of such classifications be held to be exempt and others not so exempt, plaintiffs would be entitled to recover only the taxes assessed on the wages so held to be exempt. * * *"

2. Nature of plaintiffs' business: Operation of a dairy farm as set forth in Paragraph 5 of Stipulation of Facts. "In other words, the plaintiffs' chief business is the breeding of cattle and the raising of calves born as a result thereof into milk cows for use at plaintiffs' dairy farm and the production and marketing of milk from milk cows so produced, raised and maintained on plaintiffs' dairy farm. As an incident thereto and for the purpose of marketing such milk, plaintiffs pasteurize or process the same and maintain milk routes as hereinafter described." (The last two clauses of Paragraph 5 of Stipulation of Facts.)

3. About 95% of such production is sold as milk while the remaining 5% is sold as cream. The milk and cream is sold at both wholesale and retail. Methods of preparing the production for sale and sale of same set forth in detail in Paragraph 7 of Stipulation of Facts.

4. Plaintiffs during taxable periods here involved also processed and sold an orangeade for the accommodation of its customers. The processing and sale of such orangeade being detailed and set forth in Paragraphs 8, 9, and 10 of Stipulation of Facts.

5. None of the 17 acres on which the dairy is located is under cultivation, and the plaintiffs do not own any farm implements such as plows, tractors, harrows, etc. All the feed consumed by the dairy cattle is purchased from others with the exception that some of the calves and dry cows are pastured on a ranch which is owned by plaintiffs. The ranch is approximately 20 miles distant from the dairy farm. (Paragraphs 11 and 12 of Stipulation of Facts.)

6. The improvements or buildings located on the dairy farm consist of feed-barns, corrals, milking barns, sheds, milk processing or pasteurizing plant, storage room, repair shop, garages for trucks, and the residences of various of the plaintiffs, and quarters in which some of the delivery men reside and occasionally some of the other workers. Each of the copartners is and was during all pertinent dates engaged in performing some part of the work incident to the operation of the business, and with the exception of certain named plaintiffs, reside in the home of their father, Adalberto Navar. All the dairy business of plaintiffs is conducted on or sold from the dairy farm of plaintiffs. The dairy herd is kept and maintained on said dairy farm, and all machinery and equipment used in the operation of said dairy owned by plaintiff is housed on such dairy farm, all trucks, etc. (Paragraphs 13, 14, 15 and 16, Stipulation of Facts.)

7. Plaintiffs owned seven panelled trucks costing approximately $1,000 each. The trucks were painted white and had the words "Farmers Dairies" painted thereon in blue lettering. (Paragraph 17, Stipulation of Facts.)

8. From January 1, 1938, until May 1, 1939, some milk was purchased by plaintiffs from outside sources to supplement the volume of the dairy farm in order to fill the orders of the regular customers. The milk purchased for the entire year, however, was not in excess of $\frac{1}{15}$ of the entire amount sold by the dairy in 1938. (Paragraph 18 of Stipulation of Facts.)

9. Plaintiffs employed about eight delivery men. Those who had retail routes

were paid commissions on collections, while those who had wholesale routes were paid commissions on sales. Their commissions were paid to them weekly. Details as to such delivery men, duties performed by them, being set forth in Paragraph 19 of Stipulation of Facts. "They do not perform any other duties around the dairy farm." "Obviously from the facts hereinbefore stated, each truck driver was engaged for more than 50% of the time worked in any pay period in the handling and delivering of milk and cream produced on plaintiffs' dairy farm." (Paragraph 19, Stipulation of Facts.)

10. Quoting from Paragraph 20 of Stipulation of Facts: "Plaintiffs employed two mechanics, but only one was actually a full time mechanic. The other one worked only part time. They were paid weekly and received more than the other workers on the dairy farm. They were mechanics on trucks and cars before they began working for plaintiffs. They worked on the trucks and equipment on the dairy farm and did not work for others when not working for plaintiffs. Their hours were from about 9:00 A. M. to 6:00 P. M. The trucks and machinery worked on were maintained and operated by plaintiffs as a means of and as an incident to the marketing of the milk produced from plaintiffs' dairy cows on plaintiffs' dairy farm."

11. Six men were employed in the pasteurizing plant and worked in two shifts, three on each shift. (Paragraph 20, Stipulation of Facts.)

12. Obviously the processing plant workers spend more than 50% of the time worked in any pay period in handling of milk produced on plaintiffs' farm and the mechanics spend more than 50% of the time worked in any pay period working on machinery and equipment necessary to the marketing of the milk produced on plaintiffs' dairy farm. (Paragraph 22, Stipulation of Facts.)

13. In 1930 the City of El Paso adopted an ordinance requiring all milk and cream sold in the City of El Paso to be pasteurized and from and after such date all milk and cream sold by plaintiffs within the city limits of El Paso was pasteurized and the only raw milk and cream sold was sold outside the city limits of El Paso. (Paragraph 23, Stipulation of Facts.)

14. The methods employed by plaintiffs on all pertinent dates in operation of plaintiffs' dairy farm and distribution of milk produced from plaintiffs' cows, as above described, are the usual and customary methods employed by dairy farmers in the vicinity of plaintiffs' dairy farm. Such methods vary from the methods of the large city dairies, among other things, in that the city dairies own no cows, maintain offices in the City of El Paso, Texas, buy all milk sold, do not raise cows but handle butter, buttermilk, ice cream and other milk products and have all machinery and facilities for processing and producing such by-products. (Paragraph 24, Stipulation of Facts.)

15. Quoting from Paragraph 25 of Stipulation of Facts: "All employees of plaintiffs' dairy farm engaged in feeding and caring for the dairy cattle, in milking the same, and in caring for the dairy grounds, corrals and milk parlors and all workers on such dairy other than (1) workers in the processing plant, (2) repair men or mechanics and (3) truck drivers are engaged in 'agricultural labor' within the meaning of the Social Security Act as that term is there defined and the labor performed by such employees has been classified as 'agricultural labor' by the Commissioner of Internal Revenue."

16. All copies of letters passing between plaintiffs or their attorneys and the Collector of Internal Revenue or the Commissioner of Internal Revenue are attached to the Stipulation of Facts and form a part of the record in the case. (Paragraph 26, Stipulation of Facts.)

17. That "When the words 'dairy' or 'dairy farm' are used in this stipulation, such words are not intended to be conclusive on the rights of the parties hereto but are merely used to describe the business of plaintiffs." (Paragraph 27, Stipulation of Facts.)

18. Quoting from Paragraph 28 of Stipulation of Facts it is agreed that "The taxes involved in this suit aggregating $1045.96 were paid by plaintiffs out of funds belonging to plaintiffs and no part of said taxes was paid from funds or salaries withheld from plaintiffs' employees for the purpose of paying said taxes or for any other purpose."

Conclusion.

The Court holds, from the Findings of Fact above recited, based upon written stipulation of parties, filed herein, submitted on trial of case,—no oral evidence

being offered on the trial; as a matter of law, that the services rendered plaintiffs by all three classifications of employees here in controversy, to-wit: (1) workers in the processing plant, (2) repairmen or mechanics, and (3) truck drivers, to be "agricultural labor" within the meaning of the Social Security Act, and as such exempt from Social Security taxes. 26 U.S.C.A.Int.Rev. Code, § 1607(c) (1) and 1607(d); United States v. Turner Turpentine Co., 5 Cir., 111 F.2d 400; Jones v. Gaylord Guernsey Farms, 10 Cir., 128 F.2d 1008; Stuart v. Kleck, 9 Cir. 129 F.2d 400, 402; Lake Region Packing Ass'n v. United States, 5 Cir., 146 F.2d 157; State v. Christensen and Hanson Bros. Dairy et al. v. Riley, 18 Wash.2d 7, 137 P.2d 512, 146 A.L.R. 1302.

Therefore, judgment and decree will be entered herein in favor of plaintiffs, against defendant, for refund of taxes paid by plaintiffs, aggregating the sum of $1,-045.96, with interest thereon from dates of various payments made, as prayed in plaintiffs' petition, and costs of court. Draft of judgment accordingly may be prepared by counsel for plaintiffs, and submitted to the Court for consideration and entry herein.