## BATT v. UNITED STATES.
### No. 11091.

Circuit Court of Appeals, Ninth Circuit.

Nov. 23, 1945.

Sam S. Griffin and William H. Langroise, both of Boise, Idaho, for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Tax Division, Sewall Key, A. F. Prescott, John W. Fisher, and Leonard Sarner, Sp. Assts. to Atty. Gen., and John A. Carver, U. S. Atty., and Erle H. Casterlin, Asst. U. S. Atty., both of Boise, Idaho, for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from a judgment in favor of the United States in an action brought pursuant to § 3744 Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3744, for the recovery of taxes for the year 1938, claimed to be payable as unemployment compensation under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq.

We summarize the facts as stipulated below. Appellant was a farmer owning or leasing some 800 acres of land in Idaho, on which he raised potatoes, onions, lettuce, carrots, and peas, as well as general crops with which the case is not concerned. He operated two processing sheds located off his farm near trackage. There he employed labor in the work of processing and preparing for market the specialized crops raised on his own farm, and in doing similar work for other farmers, who paid him for the service. The processing consisted primarily of a cleaning, sorting, grading, and packing operation, and included the loading of the produce on board cars and its icing for shipment. The produce was not changed by the operation. Approximately 25 per cent of the processed produce was raised and owned by appellant, and 75 per cent thereof by other farmers. The produce from appellant's operations was intermingled with that of the other farmers and the whole went through the process together.

The produce, aside from that raised by appellant, was procured in the following ways: He purchased from the farmer-producer that portion of the latter's crop which was found to be marketable after being sorted and graded. To enable appellant and the farmer to determine the part purchased and to prepare the same for market, the farmer delivered his produce at appellant's sheds in bags as he took it from the field. Appellant handled also, on a small scale, potatoes on consignment, in which case the farmer delivered the potatoes from the field as harvested. After processing the consigned potatoes, appellant sold them, and from the sale price deducted the expense, including a charge for processing and brokerage, paying the balance to the farmer. In the case of all produce, the culls were owned by and were returned to the producer. In respect to the lettuce, peas, and carrots not grown by appellant, the latter processed and sold them only on consignment, as in the case of some of the potatoes.

The processing operations were largely seasonal. No specialized equipment or equipment unavailable to farmers general-

ly, was required. The labor was unskilled, and largely transient and temporary.[1]

The Social Security Act requires every employer to pay an excise tax, with respect to having individuals in his employ, equal to a stated percentage of the total wages payable. As originally enacted, and as the law stood in 1938, "agricultural labor" was excepted from the term "employment" as that term was defined in § 907(c), 42 U.S.C.A. § 1107(c), but the phrase "agricultural labor" was not itself defined.[2] The question here is whether the services rendered by the employees in the course of appellant's operations was "agricultural labor" within the meaning of the Act as it then stood. The court below answered the question in the negative.

In a suit brought by appellant to recover the excise taxes paid the State of Idaho with respect to the same employees for the same year, the Idaho court held the work to be agricultural and therefore exempt from coverage. Batt v. Unemployment Compensation Division, 63 Idaho 572, 123 P.2d 1004, 139 A.L.R. 1157.[3] We are urged to adopt the state court's view.

By Art. 206(1) of Treasury Regulations 90, the Department undertook to delimit specifically the scope of the statutory exemption. The Article is copied on the margin.[4] As will be observed from a reading of it, services of the kind performed here were not considered by the Treasury to be agricultural labor unless performed "by an employee of the owner or tenant of the farm on which the materials in their raw or natural state were produced," and unless such processing is carried on as an incident to ordinary farming operations as distinguished from those of a manufacturing or commercial nature.

■■■ The Fifth Circuit, in Chester C. Fosgate Co. v. United States, 125 F.2d 775, on the basis of facts very similar to those involved here, approved the regulation as a reasonable and workable interpretation of the statutory term. Cf. also Lake Region Packing Ass'n v. United States, 5 Cir., 146 F.2d 157; Jones v. Gaylord Guernsey Farms, 10 Cir., 128 F.2d 1008. In North Whittier Heights Citrus Ass'n v. N.L.R.B. 109 F.2d 76, certiorari denied 310 U.S. 632, 60 S.Ct. 1075, 84 L.Ed. 1402, we similarly construed and applied the term "agricultural laborers" as used in the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The individuals in the North Whittier Heights case were engaged in the processing, packing, and marketing of agricultural produce by methods and under circumstances analogous to those of the present case. It was there contended, as it is here, that the nature of the work is the sole criterion. The court thought, however, that the true test is the nature of the work modified by the custom of doing it; and it was concluded that the work, under the conditions performed, had an industrial hue.[5] The later case of Stuart v. Kleck, 9 Cir., 129 F.2d 400, decided by this court, is said to support the view advocated by appellant;

---

[1] For a more exhaustive statement of the facts see opinion below, D.C., 59 F.Supp. 619.

[2] By the amendments of Aug. 10, 1939, 26 U.S.C.A. Int.Rev.Code § 1607, an elaborate definition of the term "agricultural labor" was inserted, but the amendments were prospective only. For a discussion of the legislative purpose of the amendments consult Chester C. Fosgate Co. v. United States, 5 Cir., 125 F.2d 775.

[3] Under the state law, as under the Act of Congress, agricultural labor was exempted. Ch. 187, p. 316, 1937 Idaho Session Laws, § 19(g) (6).

[4] "Art. 206(1). Agricultural labor.—The term 'agricultural labor' includes all services performed—

"(a) By an employee, on a farm, in connection with the cultivation of the soil, the raising and harvesting of crops, or the raising, feeding, or management of livestock, bees, and poultry; or

"(b) By an employee in connection with the processing of articles from materials which were produced on a farm; also the packing, packaging transportation, or marketing of those materials or articles. Such services do not constitute 'agricultural labor,' however, unless they are performed by an employee of the owner or tenant of the farm on which the materials in their raw or natural state were produced, and unless such processing, packing, packaging, transportation, or marketing is carried on as an incident to ordinary farming operations as distinguished from manufacturing or commercial operations.

"As used herein the term 'farm' embraces the farm in the ordinarily accepted sense, and includes stock, dairy, poultry, fruit, and truck farms, plantations, ranches, ranges, and orchards.

"Forestry and lumbering are not included within the exception."

[5] Cf. also, Idaho Potato Growers v. N.L.R.B., 9 Cir., 144 F.2d 295.

but the two decisions are obviously distinguishable on their facts. Nor is the Kleck decision at odds with the regulation quoted above.

Affirmed.