**UNITED STATES v. NAVAR et al.**

No. 11525.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1946.

A. M. Sellers, Sp. Asst. to Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., both of Washington, D. C., and Holvey Williams, Asst. U. S. Atty., of El Paso, Texas, for appellant.

Louis A. Scott and J. L. Rasberry, both of El Paso, Texas, for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment allowing taxpayers, who operate a dairy, to recover old age and employment taxes paid from July 1, 1938, to September 30, 1942. The question presented is whether workers in the pasteurizing plant and mechanics and delivery men employed at the dairy are engaged in "agricultural labor" within the meaning of the exceptions and exemptions of Sections 811(b) (1) and 907(c) (1) of the Social Security Act, 42 U.S.C.A. §§ 1011, 1107, and Sections 1426(b) (1) and (h) and 1607(c) (1) of the Internal Revenue Code, 26 U.S.C.A., and pertinent regulations.

Taxpayers' dairy was started by Adalberto Navar in 1917. Beginning with only 10 head of cattle, the dairy has grown through increase and obvious good management and hard work until the herd now consists of approximately 400 head of cattle and the dairy's annual gross income is far in excess of $100,000. The dairy is located on a 17 acre tract of land seven miles from El Paso, Texas, which city provides a convenient market and outlet for the products of the dairy. All the business of the dairy is transacted on and from the 17 acre tract of land, and all the taxpayers live at the dairy and perform work incident to the business. The dairy herd is kept at the dairy farm with the exception of some calves and dry cows pastured on a ranch owned by appellees. The business of the appellees is the raising of cattle, the running of the dairy, and the production, processing, packaging, and marketing of their milk products. Although appellees' dairy is a large one, it is in fact a producing dairy which produces and markets its own products. It is unlike many large city dairies engaged mainly in buying milk products from other producers, which products they then process, package, and sell.

The mechanics here involved work only at the dairy maintaining and repairing the delivery trucks and other machinery used by the dairy in its business. The workers in the pasteurizing plant are engaged in processing and purifying the milk for public consumption in conformity to local health laws. The delivery men are engaged in transporting and delivering the milk products to the consumer market.

Decisions in cases such as this must turn upon the particular facts. Here it is clear that appellees' business is a dairy farm within the meaning of the statutes and regulations, and the employees in question are engaged in performing tasks necessarily incident to the proper processing, packaging, handling, transportation, and marketing of the milk and milk products produced at the dairy. The work performed by these employees is "agricultural labor" within the exemption of the statutes and regulations. Larson v. Ives Dairy Co., 5 Cir., 154 F.2d 701; Jones v. Gaylord Guernsey Farms, 10 Cir., 128 F.2d 1008.

The judgment is affirmed.