**DEECY PRODUCTS CO. v. WELCH, Former Collector of Internal Revenue.**

**PEASLEE & WHEELER, Inc., v. HASSETT, Collector of Internal Revenue.**

**Nos. 40, 558.**

District Court, D. Massachusetts.

Dec. 11, 1940.

Edward J. Keelan, Jr., and Hale & Dorr, all of Boston, Mass., for Deecy Products Co.

Horace E. Allen and Allen, Yerrall & Bettigole, all of Springfield, Mass., for Peaslee & Wheeler, Inc.

Edmund J. Brandon, U. S. Atty., and C. Keefe Hurley, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Lyle M. Turner, Sp. Assts. to the Atty. Gen., for defendants.

SWEENEY, District Judge.

These are two actions instituted to recover taxes alleged to have been illegally assessed and collected from the plaintiffs by the defendants under authority of Title IX of the Social Security Act of 1935, 42 U.S.C.A. § 1101 et seq. The plaintiffs urge that they were not liable for such taxes, because, during the year in question, they did not employ the minimum of eight individuals provided in the Act of 1935, Section 907(a). Both cases are sufficiently identical to dispose of them in one opinion. All returns, payments, claims for refund, certificates and other actions prerequisite to these suits have been duly made and filed in due season, and proper time has elapsed after the filing of such claims for refund to enable the plaintiffs to sue.

### Findings of Fact.

In each case the plaintiff is a corporation, and during the year 1936 had at least seven individuals in its employ during the period prescribed in the act. In addition, the corporations had the services of a clerk of the corporation who kept the minutes of such meetings as were called during that year, and was clerk of the corporation during the entire year. In each case the clerk made no charge for his services, these being incidental to his duties as attorney for the corporation. The Commissioner of Internal Revenue determined that the clerk of the corporation was an individual in the employ of the corporation within the meaning of Section 907(a) of the Act of 1935 as appears in the stipulation of facts filed and adopted by the court.

The sole question presented in each case is whether the taxpayer is an employer within the meaning of Title IX, Section 907(a) of the Social Security Act of 1935. In order to answer this question it is necessary to decide whether the clerk of the corporation, performing no duties other than those usually performed by a clerk of a corporation, is an individual in its employ within the meaning of the act.

## Discussion.

There are no federal cases cited or found that bear on the question. The following are the pertinent sections of the Act of 1935:

"Title IX. Sec. 907. (a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more."

"Sec. 907. (c) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer * * *."

"Title XI. Section 1101. (a) (6) The term 'employee' includes an officer of a corporation." 42 U.S.C.A. §§ 1107 (a, c), 1301 (a) (6).

The Government takes the position that a reading of these three sections admits of but one answer to the question involved, namely, that Congress has defined the clerk of a corporation as an individual in the employ of the corporation. The plaintiffs urge the view that Section 1101(a) (6) means simply that an employee of a corporation, in the usual and accepted sense of the term, is nevertheless an employee even though he may be an officer of the corporation.

Reading Sections 907(a), (c), and 1101 (a) (6) together I am inclined to the view that the Government's contention is correct. In reaching this conclusion I recognize that an inequity seems to exist in favor of an individual employer over a corporation employer. By the terms of the act, if these plaintiffs were individuals instead of corporations, it is perfectly apparent that they would not come within the meaning of the term "employer" as there would be but seven individuals in employ. But Congress has used language in the act which I think brings about this exact result. In defining "employment" in Section 907(c) they have used the very broad definition of "any service, of whatever nature, performed * * * by an employee for his employer." In Davie v. J. C. Mandelson Co., N.H., 11 A.2d 830, 831, the court reached a somewhat contrary decision, but in the statute there involved the word "employment" had a much narrower definition and was limited to "service * * * performed for wages or under any contract of hire, written or oral, expressed or implied."

A fair reading of the act in question indicates that Congress intended to include the clerk of the corporation in the number of individuals in the employ of the corporation for the purpose of determining whether the corporation was an employer within the meaning of the act.

## Conclusions of Law.

I rule that the plaintiff taxpayers in each case were during the year 1936 employers within the meaning of Section 907(a) of the Social Security Act of 1935.

In the case of Peaslee & Wheeler, Inc., v. Hassett, the plaintiff's requests for rulings of law are both denied. Its motion for judgment is also denied. In the case of Deecy Products Co. v. Welch, the plaintiff's motion for judgment is denied. In each case judgment is to be entered for the defendants, with costs.