**NICHOLAS, Collector of Internal Revenue, v. RICHLOW MFG. CO.**

No. 2364.

Circuit Court of Appeals, Tenth Circuit.

Dec. 17, 1941.

Rehearing Denied March 23, 1942.

Carlton Fox, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch and Lyle M. Turner, Sp. Assts. to the Atty. Gen., and Thomas J. Morrissey, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo., on the brief), for appellant.

Fred S. Caldwell and Benjamin Griffith, both of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

The Richlow Manufacturing Company[1] paid employers' excise taxes under the Social Security Act, 42 U.S.C.A. § 301 et seq., for the years 1937 and 1938, aggregating $133.66, and duly filed its claims for refund thereof. The claims were denied. It brought this action against Nicholas, Collector, to recover the taxes so paid. From a judgment in favor of the taxpayer, the Collector has appealed.

The taxpayer is a Colorado corporation. Its stock is held by James E. Low, Ora B.

---

[1] Hereinafter called the taxpayer.

Low, and Roy O. Williams. Throughout the years 1937 and 1938 and for more than 20 weeks during the year 1939, Ora B. Low was secretary of the taxpayer. She performed the duties of that office in accordance with § 15 of the taxpayer's by-laws. She received no compensation or remuneration of any character therefor. Section 15 of such by-laws provides that the corporate secretary shall keep a full record of all meetings, attest the signature of the president to all instruments, countersign all certificates of stock, keep stock books and other corporate records, and perform such other duties as are required of a corporate secretary by the laws of Colorado or the order of the board of directors.

The taxpayer, during the years in question, engaged in the manufacture of extracts and fruit flavors for soda fountains. The servics performed by Ora B. Low as secretary were in nowise connected with the operation of the business in which the taxpayer was engaged and she served it solely in the capacity of secretary. During the years 1937, 1938, and 1939, the taxpayer had in its employ, exclusive of its corporate secretary, seven compensated employees within the meaning of Title IX of the Social Security Act, 49 Stat. 639, 42 U.S.C.A. § 1101 et seq.

Section 907(a) of the Social Security Act, 49 Stat. 642, excludes from the term "employer" an employer who does not have eight or more employees. Section 1101(a) of the Social Security Act, 49 Stat. 647, in part reads:

"When used in this Act [chapter]— * * * (6) The term 'employee' includes an officer of a corporation."

Treasury Regulations 90, promulgated in 1936 under the Social Security Act, provides:

"An officer of a corporation is an employee of the corporation, but a director, as such, is not. A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

A corporate officer may also be an employee, but whether an officer also falls in the category of "employee" is not infrequently difficult of determination. The question has given rise to much litigation in workmen's compensation cases. See Notes, 15 A.L.R. 1288 and 81 A.L.R. 644.

We think the purpose of Congress in enacting the definition above quoted was to set the question at rest and include all corporate officers in the category of employees. To merely provide that a corporate officer may also be an employee would be to state that which is already well-settled law and would serve no useful purpose. Moreover, we think had that been the intention of Congress, it would have simply said that a corporate officer may also be an employee.

Moreover, the Regulation construes the statute to include every corporate officer in the category of employee, except a director. The Regulation was made pursuant to express authority. It is neither unreasonable nor inconsistent with the statute. It is entitled to respectful consideration and should not be overruled except for weighty reasons.[2]

Furthermore, Congress amended the Social Security Act in 1939, 53 Stat. 183, 1387, without changing the definition of an employee. This is persuasive evidence of legislative recognition and approval of the administrative construction.[3]

The fact that the secretary is not an employee under the Colorado Unemployment Compensation Act[4] is not controlling. The tax liability must be determined from the provisions of the Federal Act.

While certain language in Griswold v. United States, D.C.Mass., 36 F.Supp. 714, tends to support the conclusion of the trial court, that case involved trustees under a Massachusetts investment trust and not a corporate officer. A prior decision in the same district court held that a corporation clerk who performed the duties of secretary without compensation was an employee. See Deecy Products Co. v. Welch, D.C.Mass., 36 F.Supp. 272.

We conclude that the secretary was an employee and the taxpayer subject to the tax.

---

2 Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L. Ed. 397.

3 Helvering v. Winmill, 305 U.S. 79, 83, 59 S.Ct. 45, 83 L.Ed. 52.

4 § 19(f) (1), ch. 167A, 1939 Supp. to 1935 C.S.A., Laws Colo. 1936, 3d Ex. Sess., c. 2, § 19(f) (1), as amended by Laws 1937, c. 260, § 12.

The judgment is reversed and the cause remanded with instructions to enter judgment for the Collector.