### INDEPENDENT PETROLEUM CORPORATION v. FLY, Collector of Internal Revenue.

### No. 10764.

Circuit Court of Appeals, Fifth Circuit.

March 3, 1944.

Harold Cox, of Jackson, Miss., for appellant.

Carlton Fox, Sewall Key, and Helen R. Carloss, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and Toxey Hall, U. S. Atty., and A. Y. Harper, Asst. U. S. Atty., both of Jackson, Miss., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant sued in the district court to recover social security taxes exacted from it for the year 1938 as an employer of eight persons. Recovery was denied on the authority of Nicholas v. Richlow Co., 10 Cir., 126 F.2d 16, the court holding that Congress had provided that all officers of a corporation are to be counted as employed, regardless of whether they work or not. We are not able to agree.

The facts are stipulated, the important ones being these: During 1938 the appellant was a Mississippi corporation entirely owned by its president E. H. Simpson. At its organization all the shares were issued to him save one which for organizational purposes was issued but not delivered to Mrs. Louise C. Simpson, his wife. On the dissolution of the corporation in 1941 she relinquished to her husband her ostensible interest. She was elected Secretary of the Corporation and held that office throughout the year 1938. "Mrs. Simpson actually had no connection with the business of the Corporation and gave no attention thereto. E. H. Simpson as president and general manager and sole owner performed all the duties both of president and secre-tary, except that in 1938 Mrs. Simpson signed two tax returns and the minutes of an annual stockholders meeting, all prepared by him and presented to her at their home for her signature. She never performed any duty provided by the by-laws for the Secretary of the Corporation except signing her name to these three instruments as aforesaid." She received no salary, wages or other compensation, directly or indirectly, and did nothing else whatever for the Corporation. It is stipulated that the Corporation was liable for the tax if Mrs. Simpson be counted as one of eight persons employed by it, but was not liable if she is not to be counted.

The tax is laid by Title IX of the original Social Security Act, Section 901, 49 Stat. p. 639, 42 U.S.C.A. § 1101. Title IX was re-enacted Feb. 10, 1939, into the Internal Revenue Code, Secs. 1600 and following, 26 U.S.C.A. Int.Rev.Code, § 1600 et seq., but some changes were made, so we will cite the original Act of force in 1938. Title VIII, 42 U.S.C.A. § 1001 et seq., laid a tax on employers generally, as well as on those they employed. Title IX laid an additional tax on the larger employers, and is headed, "Tax on Employers of Eight or More." The tax is imposed in these words: "Every employer (as defined in Section 907) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages * * * payable by him," etc. The definition in Section 907(a) is: "The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more." If this taxpayer is not included in the quoted words it is not taxed. Let it be carefully noted that nowhere is the term "employee" used. In a seemingly studious avoidance of that term the periphrasis "individual in his employ" is used, and it occurs frequently throughout Title IX. We think the common and usual meaning of that phrase is natural persons who serve or work for another. We do not think that Mrs. Simpson was an individual in the employ of this corporation in any common or usual understanding of the words. On only one, or possibly two, occasions did she do anything for it, and if in that gratuitous service she could be thought employed, it falls far

 

short of twenty days in different weeks. E. H. Simpson, giving his time and attention to the Corporation's business can well be thought of as in its employ, as of course the six hirelings were, but Mrs. Simpson was not employed on any twenty days.

The contention of appellee, supported by the Nicholas case, supra, is that the picture is wholly changed by a definition found at the end of the Social Security Act in Title XI, Sec. 1101: "When used in this Act * * * (6) the term 'employee' includes an officer of a corporation." The trouble with the argument is that the term "employee" is not used in the parts of the Act which we are discussing. As we have pointed out above, that term was not used, but where it might most naturally have been used a periphrasis was resorted to. Title IX has in Sec. 907 its own definitions, but "employee" is not among the terms there defined, for it is not made use of. An artificial definition at the end of the Act of "employee" cannot be attached to the phrase "individual in his employ", because that definition is expressly made applicable only when that very term "employee" is used by the Act. It was not used in imposing the tax in Title IX.

We think Congress took pains not to say "employee", but if the definition at the end of the Act is to be forced into Title IX we would still think that the words " 'Employee' includes an officer of a corporation" do not necessarily mean that all officers of a corporation are employees, but only such as work for it in fact. The Social Security Act as a whole had in contemplation the various Acts on the subject in the States. Some of these Acts have used the term "employee", and the question has been raised whether an officer of a corporation was entitled to employee benefits. In common speech the officers and employees are different classes. It has been held that an officer as such is generally not to be considered an employee, but if he actually works for the corporation his being an officer will not prevent his being an employee also. See Shriver v. Carlin & Fulton Co., 155 Md. 51, 141 A. 434, 58 A. L.R. 767, 13 Am.Jur., Corporations, § 866. We think Congress intended by its definition that "employee" in the Act was not meant to exclude officers if they were really employed by the corporation. Nominal officers such as honorary Vice-presidents and this Secretary, who do nothing and are paid nothing, were not intended to be made into employees throughout the Act.

It is lastly argued that the Regulations 90, Art. 205, in treating of "Individuals in the employ of another", declare that all officers of a corporation are to be included. It is true that the author, after speaking accurately in the statutory language of the persons meant, drops into the use of the term "employee", which the statute does not use, and then at the end, evidently referring to the statutory definition of "employee", declares "An officer of a corporation is an employee". This, however, falls short of declaring that all officers in all circumstances are employees. And it is in conjunction with the statement that directors as such are not employees, but are employees if they perform services outside of directors' meetings. Directors are in a broad sense officers themselves. But whatever may have been intended by this language, we think the power to make regulations does not extend to making taxpayers of those whom the Act, properly construed, does not tax.

The judgment is reversed, with direction to enter a judgment for recovery of the tax.