GLENN, Collector of Internal Revenue, v. BEARD.

No. 9607.

Circuit Court of Appeals, Sixth Circuit.

March 20, 1944.

Lyle M. Turner, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and Lyle M. Turner, all of Washington, D. C., and Eli H. Brown III, of Louisville, Ky., on the brief), for appellant.

Allen P. Dodd, of Louisville, Ky., for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

The Collector of Internal Revenue levied and collected Social Security taxes from appellee, who, thereafter, filed a petition in the district court for refund and was awarded a judgment therefor. The court held that appellee was not an employer; that the workers, upon whose asserted employment the taxes were levied, were independent contractors; and that appellee, under the statute, was not liable for the exaction.

The question presented by this appeal is whether the workers in question are independent contractors, exempt from the provisions of the statute, or whether they are employees, subject to the Act.

Appellee maintains studios in Kentucky, where, for many years, she has engaged women to make comforters, quilts, and similar articles. The women do the work in their homes on farms, within a 25-mile

radius of a studio. Appellee supplies materials stamped with designs, and specifications for the work are agreed upon. The material and thread, together with the specifications or instructions, are delivered to the worker at the time of the signing of a contract by the worker and appellee. The contract provides that the homeworker will work the material according to the specifications; that the work may be done at such times—within a designated period —and at such places, as are agreeable to the worker; and that, further, the worker may do the work personally or by agents of her selection. It is also provided that upon completion of the specified work and its delivery to the appellee, a certain price will be paid to the worker, who is responsible for any damage or injury to the materials while they are in her possession.

There was no supervision of the work and appellee never even called at the homes of the workers to inspect the work. Payment was made when the finished product was delivered to appellee. Appellee had no right to withdraw the work from a homeworker while it was being worked upon and within the time limit provided by the contract. Other individuals and companies were engaged in the same kind of business as appellee, and often homeworkers would be engaged in working on various materials for several such concerns at the same time, interspersing such work with their household duties. They only worked when they wanted to, and at such times in the year as their farm duties permitted them.

■ According to the pertinent regulations of the Commissioner of Internal Revenue, promulgated under Title IX of the Social Security Act, 26 U.S.C.A. Int. Rev.Code, § 1600 et seq, it is provided: "In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and method of accomplishing the result, he is an independent contractor, not an employee." Treasury Regulation No. 90, Art. 205. The Regulation is in harmony with the assumption that the Act took over the term "employee," as the common law knew it, "for it enumerates the generally accredited determinants in such cases, of which the most important is the putative employer's control over the employee's business." Texas Co. v. Higgins, 2 Cir., 118 F.2d 636, 638, 639. As was said in Ruth Bros. v. Stambaugh's

Adm'r, 275 Ky. 677, 122 S.W.2d 501, 505, "The main question in all cases of this type is whether or not the one who is claimed to be an independent contractor has contracted to do the work according to his own methods and without being subject to the control of his employer except as to the result of his work." We agree with the conclusion of the district court that the homeworkers were independent contractors and not employees.

■ In a case concerned with similar homeworkers, this court recently held that they were covered by the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 208 [Walling v. American Needlecrafts, Inc., 6 Cir., 139 F.2d 60], and appellant relies upon that decision as determinative of the question before us. In the Needlecrafts case, however, the controlling factor was the broad statutory definition of employ. " 'Employ' includes to suffer or permit to work." 29 U.S.C.A. § 203(g). It was held in the case above referred to that, from the legislative history of the statute in question, and of the subsequently proposed and rejected amendments thereto, there was evinced the intention of Congress, for the purposes of fair labor standards, to treat homeworkers as any other type of employee. The fact that such workers may be independent contractors, does not, of itself, exclude them from the application of the Fair Labor Standards Act; they are embraced in the classification of employees, within the intendment of that statute, if they are *suffered* or *permitted* to work. But there is no such definition or provision relating to employment or employees in the Social Security Act. Without such monition, looking to the treatment of homeworking independent contractors as employees, for a special purpose, we conclude that the homework in this case is not included within that service performed by an "employee for his employer," which is the statutory criterion for application of the provisions of the Social Security Act. Section 907(c), 26 U.S.C.A. Int.Rev.Code § 1607(c). Employment under this statute is to be understood in its ordinary sense, as meaning the legal relationship of employer and employee; and this conclusion is fortified by the applicable regulations of the Commissioner of Internal Revenue, which sets forth that "the relationship between the individual who performs such services and the person for whom such services are

rendered must, as to those services, be the legal relationship of employer and employee. * * * The words 'employ,' 'employer,' and 'employee,' as used in this article, are to be taken in their ordinary meaning. * * * Individuals performing services as independent contractors are not employees." Treasury Regulation No. 90, Art. 205, promulgated under Title IX of the Social Security Act.

The Social Security Act must be liberally construed to effect its purposes "to save men and women from the rigors of the poor house as well as from the haunting fear that such a lot awaits them when journey's end is near," as said by Mr. Justice Cardozo in Helvering v. Davis, 301 U. S. 619, 641, 672, 57 S.Ct. 904, 909, 81 L.Ed. 1307, 109 A.L.R. 1319. However, almost half of all the persons gainfully occupied in the United States, are excluded by Congress from the benefits of the statute. Senate Report No. 628, 74th Cong. 1st Session, p. 9. · We are unable to construe the Act to include appellee within its ambit, or, within its provisions, such individuals as the independent contractors in this case.

The judgment of the district court is affirmed.