## W. P. BROWN & SONS LUMBER CO. v. UNITED STATES.

### No. 570.

District Court, W. D. Kentucky, Louisville Division.

April 5, 1944.

Benners, Burr, McKamy & Forman, of Birmingham, Ala., and Woodward, Dawson & Hobson, of Louisville, Ky., for plaintiff.

Lyle M. Turner, of Washington, D. C., and Eli H. Brown, III, U. S. Atty., of Louisville, Ky., for defendant.

MILLER, District Judge.

The plaintiff, W. P. Brown & Sons Lumber Company, brought this action to

recover $2,277.45 with interest which it paid under protest as social security taxes alleged to have been erroneously assessed against it for the period of January 1, 1941, through September 30, 1941.

The plaintiff is a Kentucky corporation with its principal office in Louisville, Kentucky, engaged in the manufacture and sale of lumber and lumber products. For the purpose of cutting timber owned by it on land in Alabama, the plaintiff entered into contracts with certain operators of sawmill plants by which the operator of the sawmill agreed to cut and deliver the standing timber according to certain specifications for a specified consideration. Such contracts were for many years oral but beginning in 1940 or 1941 the plaintiff adopted the practice of having printed contracts executed both by itself and by the sawmill operator. The terms of the oral contracts were substantially the same as the terms of the printed contracts. One of the printed contracts is filed as Exhibit A with the complaint, which shows in detail the terms under which the work was done. Under such a contract the sawmill operator owned and furnished the sawmill and all equipment necessary to operate it, including saws, axes, tractors, mules, wagons and trucks. This investment amounted to approximately $5,000. He selected the location on the land at which point the sawmill would be set up, and from time to time would move it to different locations selected by him when in his judgment such a change of location was desirable. He employed his own operating crew and fixed their hours of labor and compensation. The plaintiff had nothing to do with either the firing or hiring of these men or with the hours of labor or amount of compensation and in most instances did not know the names of such employees. In many instances the sawmill operator owned two or more sawmills and would operate one under his contract with the plaintiff and at the same time operate another at a different locality under a separate contract with a different timber owner. In some instances the sawmill operator would on his own initiative transfer a worker from one crew to another. While the sawmill operations were going on the plaintiff had its own employees, known as woodsmen, inspect the work to see that the specifications contained in the contract were being complied with. If deviations from specifications were found the matter was discussed with the sawmill operator, but not with his employees. The sawmill operators paid their own employees and also paid the social security taxes upon such workers as their employees.

The Commissioner of Internal Revenue claims that the sawmill operators and their employees were employees of the plaintiff and made the assessment for social security taxes hereinabove referred to on such workers. The plaintiff claims that the sawmill operator was an independent contractor and that his employees were not the employees of the plaintiff, and that the taxes so assessed and paid were therefore erroneous. It is not thought necessary by the Court to discuss the legal question involved in detail as the same question under rather similar conditions has been heretofore carefully considered in other cases. Reference is made to the decisions of this Court in Kentucky Cottage Industries, Inc., v. Glenn, Collector, D.C., 39 F.Supp. 642, in which case an appeal was taken to the Circuit Court of Appeals by the Collector and later dismissed before being passed upon; to Beard v. Glenn, Collector, D.C. W.D.Ky., decided February 27, 1943, which was recently affirmed by the Circuit Court of Appeals for the Sixth Circuit, on March 20, 1944, 141 F.2d 376; and to Standard Oil Company v. Glenn, Collector, D.C., 52 F.Supp. 755, and to the principles and authorities therein referred to and discussed. See also Burruss v. Early, Collector, D.C.W.D.Va., 44 F.Supp. 21, in which sawmill operators cutting timber under conditions similar to those involved in this case were held to be independent contractors. On the basis of those rulings the Court holds that the sawmill operators were independent contractors and that the plaintiff is not liable for social security taxes upon their employees.

Plaintiff's counsel will tender formal findings of fact and conclusions of law as indicated by this memorandum, and also judgment as prayed for in the complaint.