## TIDWELL v. UNITED STATES.
### Civil Action No. 761.

District Court, W. D. Tennessee, W. D.
Dec. 13, 1945.

Lowell W. Taylor and Frank B. Gianotti, Jr., both of Memphis, Tenn., for plaintiff.

William McClanahan and John Brown, both of Memphis, Tenn., and A. Barr Comstock, of Washington, D. C., for defendant.

BOYD, District Judge.

Plaintiff sues to recover $986.22 taxes and interest from November 22, 1943, for the years 1936, 1937 and 1938, paid under Title IX of the Social Security Act of 1935, 42 U.S.C.A. § 1101 et seq.

Broadly speaking, the question is whether or not a watch repairman, who occupied space in plaintiff's retail jewelry store, and the President of the taxpayer corporation were "employees" within the meaning of the Act. Since the plaintiff corporation had only six employees exclusive of these two individuals, it is not liable, if it is found that either of them is not an employee within the Act, since the Act requires the employment of at least eight persons as a condition precedent to tax liability.

610

The applicable provisions of the Act are as follows:

"Title IX.—Tax On Employers of Eight or More

"Imposition of tax

"Section 901. On and after January 1, 1936, every employer (as defined in Section 907 of this title) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in section 907 of this title) payable by him (regardless of the time of payment) with respect to employment (as defined in Section 907 of this chapter) during such calendar year:  *  *  *."

Section 907 reads in part:

"Sec. 907. When used in this title—

"(a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more.

"(b) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash.

"(c) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except—*  *  *."

Section 1101(a) (6) of Title XI, 42 U.S. C.A. § 1301(a) (6), reads in part:

"  *  *  *  (6) The term 'employee' includes an officer of a corporation."

Section 811(b) of Title VIII, 42 U.S. C.A. § 1011(b), reads in part:

"When used in this title—*  *  *

"(b) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except—*  *  *."

Under the facts, as briefly outlined herein, the Court is of the opinion that the plaintiff corporation is not liable for the tax.

The question, more specifically, as it relates to the President of the corporation, is whether or not Congress, under the Social Security Act, intended such officer should be excluded unless the relationship of employer and employee as between the taxpayer corporation and its President existed.

The taxpayer corporation is wholly owned by plaintiff, George M. Tidwell. It may be described as a "dummy" corporation; the said George M. Tidwell, as an individual, managing and controlling its affairs in every respect. Hearn W. Tidwell, his brother, as President of the Corporation, performed only the official act of signing the minutes which were prepared by the company's counsel and sent to him for his signature. His presence at the Company's place of business was not required; he received no salary, wages or compensation of any character from the company; was assigned no duties in the operation of the business and was not familiar with same. He was President in name only. In fact, he was employed by another concern on a full time basis and this concern carried him on its Social Security records as an employee and included him in its tax return.

The question, as it relates to the watch repairman, is whether he is an employee of the taxpayer corporation, or an independent contractor, within the meaning of the Social Security Act.

The watch repairman occupied space in taxpayer's store, during the tax years in question, under a parol contract which could be terminated at the will of either party, and under which the repairman had full control over all watch repair business coming into taxpayer's store. The parties strictly observed the provisions of the contract which permitted the watch repairman to pursue his own methods in his repair work; to set his own prices for such work; regulate his own working hours, and to make all adjustments concerning complaints on watch repairs.

The watch repairman was required to, and did, furnish his own working tools, equipment and all materials which went into his work. He was compensated on a percentage basis by taxpayer for all watch repair work coming into the store, except with respect to an occasional job done for taxpayer in repairing watches which had been sold under guarantee by taxpayer. This was called "stock" work, for which payment was made by taxpayer on an agreed basis. The repairman was permitted to serve a number of his old customers, including other retail jewelry stores, and to retain the entire proceeds of all work of this nature.

■ While there is authority to the contrary, notably, the case of Nicholas v.

Richlow Manufacturing Company, 10 Cir., 126 F.2d 16, decided December 17, 1941, later cases hold, and the weight of authority is, to the effect that an employer under the Social Security Act is one who meets the tests of the established concept of the legal relationship of employer and employee; Deecy Products Company v. Welch, 1 Cir., 124 F.2d 592, 598, decided December 19, 1941. It was said in this case:

"That one who does not meet those tests is not an employee within the meaning of the act, even though he may bear the title of a corporate officer."

Further quoting from Deecy Products Company v. Welch, supra, the Court said:

"In addition, we feel that Congress did not intend a person to be considered an employee within the meaning of the Act unless he is subject to some sort of control and supervision. No general rule can be stated defining the control required to bring one within the scope of the legislative intent. The only thing that can be done is to examine the facts of each case and then determine whether there is present sufficient control and supervision to make one an employee."

It was said in the recent case of Independent Petroleum Corporation v. Fly, 5 Cir., 141 F.2d 189, 191, which is very similar on its facts to the instant case:

"We think Congress intended by its definition that 'employee' in the Act was not meant to exclude officers if they were really employed by the corporation. Nominal officers such as honorary Vice-Presidents and this Secretary, who do nothing and are paid nothing, were not intended to be made into employees throughout the Act."

Judge Sibley, writing for the Court in the Fly case, supra, with reference to Section 1101, subsection (a) (6), under which it was claimed, as here, that Congress intended to include all officers as employees, said:

"The contention of appellee, supported by the Nicholas case, supra, [Nicholas v. Richlow Co., 10 Cir., 126 F.2d 16] is that the picture is wholly changed by a definition found at the end of the Social Security Act in Title XI, Sec. 1101: 'When used in this Act * * * (6) the term "employee" includes an officer of a corporation.' The trouble with the argument is that the term 'employee' is not used in the parts of the Act which we are discussing. As we have pointed out above, that term

was not used, but where it might most naturally have been used a periphrasis was resorted to. Title IX has in Section 907 its own definitions, but 'employee' is not among the terms there defined for it is not made use of. An artificial definition at the end of the Act of 'employee' cannot be attached to the phrase 'individual in his employ', because that definition is expressly made applicable only when that very term 'employee' is used by the Act. It was not used in imposing the tax in Title IX."

Other cases to the same effect are United States v. Griswold, 1 Cir., 124 F.2d 599, and National Wooden Box Association v. United States, Ct.Cl., 59 F.Supp. 118, 121. In the latter case the Court said:

"It would seem, therefore, that Congress used the word 'employ' in its usual sense of 'to hire', and that the tax was levied only on those who hired eight or more persons."

"The Circuit Court of Appeals for the 10th Circuit in Nicholas v. Richlow Manufacturing Company, 126 F.2d 16, took the contrary view, but we do not think Congress intended by this general provision to include within the employees of a corporation, for the purpose of the unemployment tax, an officer who received no compensation, who did not increase the corporation's tax burden and who derived no benefits from the Act. Only those employees were to be counted who drew compensation and for whose benefit the Act was enacted."

In the opinion of the Court this taxpayer is not included within the meaning of the definition "employer" as set out in Section 907 (a) of the Act, Section 1107 (a), 42 U.S.C.A. The critical phrase "individuals * * * in his employ" used in the section has reference to persons who serve or work for another for compensation. Hearn W. Tidwell was not an individual in the taxpayer's employ in the usual and ordinary meaning of the words. He merely signed the corporate minutes for which he received no compensation. Even though considered an employe, it could not be said taxpayer's President was employed "on each of some twenty days during the taxable year", as required by the Act. Under the facts here, it would do violence to the Act to say an officer is an "employee" because he was "standing by" each day of the year and rendered service by so doing.

With reference to the question of whether the watch repairman was an "employee" or an "independent contractor" under Sec-

612

tion 811 (b) and 907 (c) of the Act, 42 U.S.C.A. §§ 1011 (b) and 1107 (c), quoted above, we have only to refer to two recent cases of our own Court of Appeals, namely, Glenn, Collector, v. Beard, 6 Cir., 141 F.2d 376, certiorari denied by Supreme Court October 9, 1944, and Glenn, Collector, v. Standard Oil Company, 6 Cir., 148 F.2d 51, for familiar rules which govern in determining the relationship of employer and employee under the Social Security Act.

The Court, in Glenn, Collector, v. Beard, supra, [141 F.2d 377] said:

"According to the pertinent regulations of the Commissioner of Internal Revenue, promulgated under Title IX of the Social Security Act, 26 U.S.C.A. Int.Rev.Code, § 1600, et seq., it is provided:

" 'In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and method of accomplishing the result, he is an independent contractor, not an employee.' Treasury Regulation No. 90, Art. 205. The Regulation is in harmony with the assumption that the Act took over the term 'employee,' as the common law knew it, 'for it enumerates the generally accredited determinants in such cases, of which the most important is the putative employer's control over the employee's business.' Texas Co. v. Higgins, 2 Cir., 118 F.2d 636, 638, 639. As was said in Ruth Bros. v. Stambaugh's Adm'r., 275 Ky., 677, 122 S.W.2d 501, 505. 'The main question in all cases of this type is whether or not the one who is claimed to be an independent contractor has contracted to do the work according to his own methods and without being subject to the control of his employer except as to the result of his work.' "

Compare Yellow Cab Company v. Magruder, D.C., 49 F.Supp., 605, affirmed 141 F.2d 324, 152 A.L.R. 516.

▇ The Social Security Act recognizes the common law definition of "independent contractor," and excludes such relationship from the burden of the tax. United States v. Mutual Trucking Company, 6 Cir., 141 F.2d 655; Glenn v. Beard, supra, Texas Co., v. Higgins, 2 Cir., 118 F.2d 636. See also, Kentucky Cottage Industries v. Glenn, D.C.Ky., 39 F.Supp. 642.

▇ Clearly, the watch repairman, whose duties are set out herein, could not be classed as an "employee." He was on his own and accountable to no one except with respect to final results obtained. No one connected with taxpayer corporation had the right, nor, indeed, were they qualified, to direct the watch repairman in the performance of his duties.

The Court concludes that the work of the watch repairman in this case was that of an independent contractor and not included within that service performed by an "employee" for his "employer", which is the statutory criterion for application of the provisions of Section 907 (c) of the Social Security Act, 26 U.S.C.A. Int.Rev.Code, § 1607 (c).

It follows, as stated above, that neither taxpayer's president nor the watch repairman are "employees" within the meaning of Title IX of the Social Security Act and, therefore, taxpayer, having less than eight individuals in its employ, cannot be held liable for the tax.