## LEWISTON ELEVATOR CO. v. REYNOLDS, Collector of Internal Revenue.

### Civil Action No. 494.

District Court, D. Minnesota, Third Division.

Jan. 30, 1946.

Benjamin H. Flesher, of Minneapolis, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff commenced an action on September 28, 1943, to recover the amount of Social Security Taxes paid defendant for the years 1936 to 1942, inclusive. Plaintiff filed a claim for refund on the ground that it was not liable for the tax because it had less than eight employees. The claim for refund was disallowed by the Commissioner of Internal Revenue.

Certain of plaintiff's officers, whose only duties were to sign documents for and on its behalf, received no compensation. The work performed by them was nominal but necessary. Without such officers being classified as employees, the tax would not apply to plaintiff during the years mentioned.

Reduced to simple terms, the sole question presented for determination is this: Under Title IX of the Social Security Act, 49 Stat. 639, 42 U.S.C.A. § 1101 et seq., and the corresponding subchapter C of Chapter IX of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1600 et seq., are plaintiff corporation's uncompensated officers "employees" within the statutory definition? Plaintiff contends they are not "employees" for tax purposes.

The answer to the issue raised in the case at bar is controlled by the intention of Congress as written in Section 907(a) of the Social Security Act of 1935, i. e.:

"When used in this title—

"(a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more."

Section 907(c) of the Act provides:

"The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except—(certain exceptions are here given which are not material to our issue)."

Section 1101(a) (6) provides as follows:

"The term 'employee' includes an officer of a corporation."

Treasury Regulations 90, issued under the Social Security Act in 1936, provide:

"An officer of a corporation is an employee of the corporation, but a director, as such, is not. A director may be an employee of the corporation, however, if he performs services for the corporation other

than those required by attendance at and participation in meetings of the board of directors."

Following the promulgation last quoted. Title IX of the Social Security Act was amended in 1939, providing as follows: Section 1607(a): '

"When used in this subchapter—

"(a) Employer. The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were employed by him in employment for some portion of the day (whether or not at the same moment of time) was eight or more."

Section 1607(c):

"(c) Employment. The term 'employment' means any service performed prior to January 1, 1940, which was employment as defined in this section prior to such date, and any service, of whatever nature, performed after December 31, 1939, within the United States by an employee for the person employing him, irrespective of the citizenship or residence of either, except—* * *."

Section 1607(c) (10) (A):

"(10) (A) Service performed in any calendar quarter in the employ of any organization exempt from income tax under section 101, if—

"(i) the remuneration for such service does not exceed $45."

Section 1607(i):

"(i) Employee. The term 'employee' includes an officer of a corporation."

What is the statutory construction to be applied in the case at bar?

Words of definite meaning used by a legislative body create no ambiguity and must be accepted and understood by the court "in their plain, ordinary and popular sense. * * * unless it can clearly be seen that Congress used the words in question in a broader or different sense than that which would ordinarily be attributed to them." See Helvering, Commissioner of Internal Revenue, v. Rebsamen Motors, Inc., 8 Cir., 128 F.2d 584, 587.

The courts are not agreed on the meaning to be given the word "employee" as used in the statute above quoted.

Supporting defendant's contention, the Court in Nicholas v. Richlow Mfg. Co., 10 Cir., 126 F.2d 16, at page 17, said:

"We think the purpose of Congress in enacting the definition above quoted was to set the question at rest and include all corporate officers in the category of employees."

In Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 139 A.L.R. 916, the Court reached a conclusion here contended for by plaintiff. The result reached by the Court in that case was recently adopted by the Bureau of Internal Revenue with respect to the status of uncompensated corporate officers, the Bureau ruling as follows:

"Officers of a corporation who, as such, perform no services and receive no remuneration in any form, are not to be considered, in their capacity as officers, as employees of the corporation for employment tax purposes. Similarly, officers of a corporation who, as such, perform some services of a minor or nominal nature but without consideration or remuneration in any form and who are not entitled to remuneration, will not be considered as employees of the corporation either because of such services or because of having the status of officers".

The ruling last cited finds support in cases recently decided.

See: Independent Petroleum Corporation v. Fly, 5 Cir., 141 F.2d 189, 152 A.L.R. 928; Magruder v. Yellow Cab Co. of D.C., Inc., 4 Cir., 141 F.2d 324, 152 A.L.R. 516; National Wooden Box Association v. United States, Ct. Cl., 59 F.Supp. 118.

The sound reasoning of the courts in the cases last cited leads to the conclusion that Congress in its use of the word "employee" for tax purposes meant one in the service of an employer, who works for salary or wages.

For the foregoing reasons plaintiff is entitled to recover the taxes paid, and counsel may submit an appropriate order for judgment.

Defendant may have an exception.