## BRADY v. PERIODICAL PUBLISHERS' SERVICE BUREAU, Inc.

No. 10794.

United States Court of Appeals Sixth Circuit.

April 18, 1949.

Hilbert Zarky, of Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, A. F. Prescott, and Maryhelen Wigle, all of Washington, D. C., Don C. Miller, of Cleveland, Ohio, and Gerald P. Openlander, of Toledo, Ohio, on the brief), for appellant.

Donald F. Melhorn, of Toledo, Ohio, and James Carroll, of New York City (Donald F. Melhorn of Marshall, Melhorn, Wall & Bloch, of Toledo, Ohio, James Carroll, of New York City, on the brief), for appellee.

Before SIMONS, MARTIN, and Mc-ALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the district court entered against the Administrator of James A. Brady, U. S. Collector of Internal Revenue for the Tenth Collection District of Ohio, awarding to appellee refund in the amount of $5,580.10, with interest, for social security taxes paid for the period from January 1, 1944, to March 31, 1944, under the Federal Insurance Contributions Act, 26 U.S.C.A. § 1400 et seq.

Appellee corporation has been engaged for some forty years in obtaining subscriptions to magazines, and has developed a large business. It maintains its principal office in Sandusky, Ohio, and branch offices in 34 other cities, each branch office being in charge of a manager. No question is made of the coverage by the Act of numerous office employees, and others with whom we are not concerned.

Each branch manager secures persons, designated "solicitors," to solicit magazine subscriptions on contract forms furnished by the company, and "collectors," or "collectors and solicitors," to verify subscriptions obtained by solicitors, to collect the money due from subscriptions, and to obtain renewal or original subscriptions. There were 2194 persons thus engaged.

On July 18, 1938, the Bureau of Internal Revenue ruled that these people were independent contractors and not employees of appellee; and that compensation paid them by appellee was not taxable under the Federal Insurance Contributions Act. Not until on or about March 15, 1944, was this ruling reversed by the Bureau. The present controversy arose out of this changed position.

In comprehensive findings of fact, all based on substantial evidence and not clearly erroneous, the district court found that the "collectors" and the "collectors and solicitors" are not employees of the appellee within the meaning of the Federal Insurance Contributions Act. Among other facts, it was found that the "collectors" and the "collectors and solicitors" determine for themselves on what days, during what hours, and how their work shall be done; whether they shall be helped by relatives, neighbors, or others; whether the work shall be done by foot, trolley, bus, or automobile travel; by personal visits, by telephone calls to subscribers, or by mail; and numerous other details of the work. Most of the persons thus engaged do not devote their entire time and attention to this work, but treat it merely as a sideline in addition to their regular business or housekeeping activities. They are free to determine their own means and methods of turning in their reports of collection and their collections, less commissions. The appellee pays them only for results actually accomplished. The

778

findings make it clear that the appellee does not control their means and manner of work.

In addition to complete findings of fact and succinct conclusions of law, the district judge delivered an oral opinion, in which he made clear his consideration of the pertinent Treasury Regulations [106], and his familiarity with opinions of the Supreme Court in United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 612, and Bartels v. Birmingham, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947, 172 A.L.R. 317, which, we think, he construed properly. Moreover, as evinced in his logical opinion, he followed and applied appropriately the decisions of this court in Glenn v. Beard, 6 Cir., 141 F.2d 376; United States v. Mutual Trucking Co., 6 Cir., 141 F.2d 655; and Glenn v. Standard Oil Co., 6 Cir., 148 F.2d 51.

In our view, the case was correctly decided. Accordingly, the judgment is affirmed.