**PERSONAL FINANCE CO. OF BRADDOCK v. UNITED STATES.**

**Civ. A. No. 1111.**

United States District Court
D. Delaware.
Sept. 19, 1949.

James R. Morford (Marvel & Morford) of Wilmington, Del. and Jackson R. Collins, of New York City, for plaintiff.

Theron Lamar Caudle, Assistant Attorney General, Andrew D. Sharpe and A. Barr Comstock, Special Assistants to the Attorney General, and Daniel L. Herrmann, Assistant United States Attorney of Wilmington, Del., for defendant.

RODNEY, District Judge.

Succinctly this case involves the computation of the number of employees required in order to subject an employer to the terms of the Federal Unemployment Compensation Law. The narrow question is whether a corporation officer who receives no compensation and performs substantially no duties for a corporation shall be counted as an "employee" in computing the minimum statutory number of employees so as to require the corporation to come within the terms of the law.

The parties are in agreement as to substantially all the facts. The difficulties arise from the language of the law as hereinafter set out. The plaintiff is a Delaware corporation and was engaged in 1942 in the small loan business at Braddock, Pennsylvania. It is one of some 200 wholly-owned subsidiaries of Beneficial Industrial Loan Corporation.

The applicable law [1] requires every employer of eight or more persons to pay an excise tax based upon the wages paid by such employer. The plaintiff admits having from four to seven employees and an average of five during the period in question. In addition to these admitted employees the plaintiff had three non-compensated officers, its President, Vice-President and Secretary. These three officers were employees of Beneficial Management Corporation and received their entire compensation from that company. The Beneficial Management Corporation rendered management services to all the subsidiaries of Beneficial Industrial Loan Corporation, of which it was one; it attended to their finances, kept their corporate records and prepared the numerous reports and resolutions for the federal and state authorities throughout the nation for the several hundred supervised offices. It is agreed that no one of the three designated officers of the plaintiff, viz., Herman S. Turner, President, Philip Kapinas, Vice-President, or Everett T. Felter, Secretary, had any office, desk, name-plate or any space or location during 1942 at any office or place of business of the plaintiff, and no one of them was at the designated place of business during the year. No one of the mentioned officers received any compensation, reimbursement or remuneration from the plaintiff and expected none, their entire compensation being paid by Beneficial Management Corporation.

The difficulties of the case arise from the language of the statute known as Federal Unemployment Tax Act, 26 U.S.C.A. §§ 1600–1611. As amended to 1939, Section 1607(i) read, "Employee. The term 'employee' includes an officer of a corporation." [2] There is also here involved an

1. Known as the Federal Unemployment Tax Act, 26 U.S.C.A. §§ 1600–1611.

2. Section 1607(h) was changed to Section 1607(i) by Section 614 of the Social Se-

amendatory provision of June 14, 1948 known as Joint Resolution 296, Public Law 642, 80th Congress, 2nd Session, 62 Stat. 438. This must appear in due course in this opinion.

The language of the original Section 1607(i) that " 'employee' includes an officer of a corporation" has been widely controverted and is the basis of the present difficulty.

Pursuant to Section 1609 of the Federal Unemployment Tax Act, Treasury Regulations were issued on September 12, 1940 concerning employees and in these Regulations it was stated that "an officer of a corporation is an employee of the corporation." This was in accord with Treasury Regulation 90 issued in 1936 and seems to have been the consistent viewpoint of the Government until 1946. Until 1939 it seems to have been the consistent practice to include every corporate officer as an employee and from 1939 to 1946 to include all corporate officers except honorary and ritualistic officers.

Notwithstanding the uniform consistency of the federal departments in holding that a corporate officer was "per se" an employee within the statutory meaning, and notwithstanding the weight ordinarily given to such regulations and holdings, an increasing number of federal courts reached a different result. A number of these cases, as later discussed in more detail, held that the statute meant that a corporate officer might be included in the designated number but such inclusion depended upon whether the common law concept of employer-employee status existed. They held that a corporate officer who performed substantially no duties and received no compensation or remuneration would not be included.

As a result of these cases, and particularly Independent Petroleum Corporation v. Fly, 5 Cir., 1944, 141 F.2d 189, 152 A.L.R. 928, the Bureau of Internal Revenue on July 27, 1944 issued its Mimeograph Bulletin No. 5723 reiterating the position that corporate officers (with exceptions not here material) were to be counted as employees regardless of the services rendered or the fact that no compensation was paid or expected.

On January 4, 1946 the Commissioner of Internal Revenue issued Mimeograph Ruling A. & C:RR 5967. In this Mimeograph the Internal Revenue Bureau recited what was called "a trend of judicial opinion" and stated that corporate officers who perform no services and receive no remuneration were not to be considered as "employees" of the corporation for employment tax purposes and because of their status as officers. The Mimeograph expressly revoked Mimeograph 5723 dated July 27, 1944 as above set out.

On July 2, 1946, following Mimeograph 5967, the present plaintiff submitted a claim for a refund of the 1941 tax (which had been filed with the inclusion of the uncompensated officers as employees). On September 14, 1946 this 1941 tax was refunded to the plaintiff. On January 8, 1947 the plaintiff submitted a claim for the 1942 tax, which claim allegedly was based upon the same facts. This claim on April 29, 1947 was rejected and this claim forms the basis of the present suit instituted March 31, 1948.

On June 14, 1948 Congress, by Section 1 of Joint Resolution 296, Public Law 642, 80th Congress, 2nd Session, reenacted the existing provisions of Title 26 U.S.C.A. § 1607(i) and added certain language to the existing law. The formerly existing language is here shown without accent and the additional language shown here accented:

"The term 'employee' includes an officer of a corporation, *but such term does not include (1) any individual who, under the usual common-law rules applicable in determining the employer-employee relationship, has the status of an independent*

curity Act Amendments of 1939, 53 Stat. 1396. In addition to the Federal Unemployment Tax Act there is a somewhat correlative statute, the Federal Insurance Contributions Act, 26 U.S.C.A. §§ 1400–1432, some of the terms and definitions of which are similar. Consideration here is confined to the Federal Unemployment Tax Act.

*contractor or (2) any individual (except an officer of a corporation) who is not an employee under such common-law rules."*

Section 1(b) of this Act of June 14, 1948 made the amendment effective "as if included in the Internal Revenue Code on February 10, 1939, the date of its enactment."

This, then, is the background of the present litigation. The Government contends that corporate officers are includable as employees "per se" under the original act but if any uncertainty could exist under that act, such officers are clearly includable under the Act of June 14, 1948. The Government insists that the Act of 1948 with its retroactive or retrospective features is valid and constitutional legislation.

The plaintiff contends that under the original act, and as construed by several courts, a corporate officer may be included as an employee provided that the common law status of employer-employee existed, but that a corporate officer performing no service and receiving no remuneration cannot be an "employee." The plaintiff does not concede that the Act of June 14, 1948 made any change in the existing law, but that if it did so then the retroactive or retrospective features are invalid and that such change is operative only prospectively from 1948 and has no bearing on this tax for 1942 since this present action to recover the refund was commenced March 31, 1948. The plaintiff contends the retroactive feature of the Act is invalid as being in the nature of an ex post facto law and violative of the due process clause of the Fifth Amendment to the United States Constitution and deprives the plaintiff of equal protection of the law.

From the maze of legal questions I prefer first to consider briefly the Act of June 14, 1948 and as to whether it made any change in the then existent law. If it made no change and intended to make none, then there is no occasion to consider its retroactive aspect, for the exact meaning of the two laws would have been the same and the additional language could only be viewed as a Congressional statement of the

80th Congress of 1948 as to the intent and meaning of the 76th Congress which approved the Act of 1939, and of the 74th Congress which adopted the original language in 1935.

■ I am of the opinion that the Act of 1948 was intended to make some change in the existing law. It expressly says the former law is amended, but this may not be entirely conclusive. The new statute clearly recognizes the existence of common law rules governing the employer-employee relationship and excludes generally from the definition of employee one who does not conform to such common law rules. To the general exclusion is the exception of "an officer of a corporation." I am of the opinion that the statute means that an officer of a corporation is included in the term "employee" for the purposes of the Act regardless of the common law rules governing the status of employers-employees. This was a new feature of the Act and was intended, I think, to make that thing more certain which by the generality of the former language had been less certain. I do not at this point say that the Act of 1948 made any radical change in the meaning of the 1939 Act for the construction of the latter Act must still be considered.

If, then, the Act of 1948 added something to the existent law, the question remains as of what date this addition is to become effective. Attention of courts has often been directed to an alleged retroactive effect of legislation. The question has often arisen when the retroactive effect itself, as well as the time to which it refers, has been uncertain or questioned. Here we have no such difficulty. The Act itself made the amendment effective "as if included in the Internal Revenue Code on February 10, 1939, the date of its enactment." The question here, then, is the effectiveness of this provision upon the facts of this case.

■ There can be no doubt that, in the absence of constitutional provisions to the contrary, the legislative branch of Government can adopt legislation having a retro-

active or retrospective effect. 2 Sutherland Stat.Const., 2nd Ed. Sec. 2201 et seq; see also Cohen v. Beneficial Ind. Loan Corp. et al., 1949, 337 U.S. 541, 554, 69 S.Ct. 1221. This is especially true of tax legislation. 2 Sutherland Stat.Const., supra. Sec. 2211.

As said in 1 Cooley's Const. Lim. (8th Ed.) p. 188, "Legislation is either introductory of new rules or declaratory of existing rules. A declaratory statute is one which is passed in order to put an end to a doubt as to what is the common law or the meaning of another statute and declares what it is and ever has been. Such a statute therefore is always, in a certain sense, retrospective; because it assumes to determine what the law was before it was passed. * * * It is always competent to change an existing law by a declaratory statute; and where the statute is only to operate upon future cases it is no objection to its validity that it assumes the law to have been in the past what it is now declared that it shall be in the future. But the legislative action cannot be made to retroact upon past controversies and to reverse decisions which the courts in the exercise of their undoubted authority have made; for this would not only be the exercise of judicial power but it would be its exercise in the most objectionable and offensive form. * * *"

The Supreme Court has said that the legislature has the power to declare by subsequent statute the construction of previous statutes so as to bind the courts in reference to transactions occurring after the passage of the law and may at times enunciate the rule to govern courts in transactions that are past provided no constitutional rights are prejudiced. Stockdale v. Atlantic Insurance Companies, 20 Wall 323, 22 L.Ed. 348; Town of Koshkonong v. Burton, 104 U.S. 668, 26 L.Ed. 886.

It seems equally clear from these same authorities that the legislative branch of government has no power by subsequent act to declare the construction of a previous act prejudicially affecting constitutional and vested rights which have attached under the prior act and before the passage of the declaratory law. As said in the Stockdale

case, supra, "It may be conceded that Congress cannot, under cover of giving a construction to an existing or expired statute, invade private rights with which it could not interfere by a new or affirmative statute."

What are the present and pertinent facts? In 1941 and 1942 the present plaintiff was assessed and paid certain taxes. By reason of certain judicial decisions the plaintiff thought the taxes wrongfully exacted and demanded a refund of the 1941 taxes. The Government concurred in this view and refunded this tax. Upon the same facts the plaintiff, within the time and in the manner prescribed by law, demanded the repayment of the 1942 tax, which claim was denied by the Government. The plaintiff then, with an accrued cause of action, instituted this suit on March 31, 1948 for a determination of its tax liability and enforcement of its claim for refund.

The Government contends that Congress by the enactment of June 14, 1948 has made the plaintiff liable for the tax and by making the tax liability retroactive to 1939 has foreclosed this court from determining the substantive rights as of the time when the proper jurisdiction of this court was invoked.

This action was instituted March 31, 1948. Except for delays, for which the court was not responsible, the matter could have been determined before the discussed legislation (that of June 14, 1948) came into being. Under these circumstances the construction the court would have placed upon the then pertinent legislation cannot be affected by legislation subsequently passed. Not only does the retroactive feature of the Act of 1948 affect the rights of the plaintiff, but of equal or even greater importance is the fact that such retroactive feature if applied to this case would constitute an encroachment upon the judicial function of this court which this court has no power to recognize. That a subsequent statute is ineffectual as furnishing a construction or interpretation of a prior statute after the prior statute has become the basis of pending litigation was held by Chief Justice Denio in The People v. Board of Supervis-

ors of City and County of New York, 16 N. Y. 424, and there seems no dissent from this principle.

 I am of the opinion that the retroactive features of the Act of June 14, 1948 can have no application to this case.

The present contentions then must be determined by the law as it existed at the time the rights of the parties became fixed and the jurisdiction of this court was invoked by the institution of this case. Section 1607(i) of the Act of 1939, as we have seen, simply says, "The term 'employee' includes an officer of a corporation." This was substantially the provision of the first Social Security Act of 1935, 42 U.S.C.A. § 301 et seq., and Treasury Regulation 107 of September 12, 1940, by Section 403.204 following the earlier Regulation 90, Art. 205 of February 17, 1936, issued under the Security Act of 1935, stated, "An officer of a corporation is an employee of the corporation."

Notwithstanding this administrative construction the meaning of the Section received almost immediate judicial consideration and with varying results. Passing an unreported case of Danville Warehouse Co. v. United States [3] (W.D.Va.1940), the matter was first considered at length in Griswold v. United States, D.C.Mass.1941, 36 F.Supp. 714, affirmed 1 Cir., 124 F.2d 599. It is true that the Griswold case is not strictly apt as it involved trustees under a Massachusetts trust rather than officers of a true corporation, but the views of the court as to the intention of Congress in the use of the language furnishes the basis of the differences between the conclusions of the various courts. In the Griswold case it was felt that Congress meant that an officer of a corporation, ordinarily not regarded as an employee because he may be an employer himself, may be at the same time an employee of the corporation, i. e., that an employer-employee relationship might exist between an officer of a corporation and the corporation itself and that the statute did not mean that an officer of a corporation was necessarily an employee regardless of other considerations. A few

months after the Griswold case the exact question was considered by Judge Symes in Richlow Mfg. Co. v. Nicholas, D.C., 38 F. Supp. 864. In a carefully considered opinion it was held that a secretary performing no work and receiving no compensation was not an employee. This case was reversed by the Circuit Court of Appeals of the Tenth Circuit in Nicholas v. Richlow Mfg. Co., 126 F.2d 16. The Circuit Court held that it was the intent of Congress to designate officers of a corporation as employees regardless of their labor or compensation. Two days later, December 19, 1941, the Circuit Court of Appeals of the First Circuit in Deecy Products Co. v. Welch, 124 F.2d 592, 139 A.L.R. 916, reached a result diametrically opposite. It was there held that Congress intended that an officer of a corporation might be an employee but was not to be so included unless the common law status of employer-employee existed. These two latter cases constitute the leading cases for the respective viewpoints. Following Nicholas v. Richlow Mfg. Co. in holding that an officer of a corporation is to be considered "per se" an employee regardless of labor or compensation are Adorable Beauty School v. United States, D.C.S.D.Tex.1942, 61 F.Supp. 694; Beaverdale Memorial Park v. United States, D.C.Conn.1942, 47 F.Supp. 663; Builders Lumber & Supply Co. v. United States, D.C.W.D.Wis.1943, 48 F. Supp. 241. I am also referred to the following case as so holding, but which is unreported and unavailable: American Legion v. Reynolds (D.C.Minn.1943).

Following Deecy Products Co. v. Welch, supra, in holding that an officer of a corporation may be an employee but is not to be so included unless some services are rendered and remuneration paid are Independent Petroleum Co. v. Fly 5 Cir., 1944, 141 F.2d 189, 152 A.L.R. 928; National Wooden Box Ass'n v. United States, Ct.Cl.1945, 59 F.Supp. 118, 103 Ct.Cl. 595; Lewiston Elevator Co. v. Reynolds, D.C.Minn.1946, 63 F.Supp. 975, and the following unreported cases: San Antonio Trunk Co. v. United States (W.D.Tex.1941); Jackson County State Bank v. United States (S.D.Tex. 1943); Dorfman's Jewelry Store v. United

3. No opinion for publication.

States (S.D.Tex.1943); First State Bank & Trust Co. v. United States (S.D.Tex.1943); Acme Auto Livery Co. v. Nee (W.D.Mo. 1944); Paul E. Pfeifer Co. v. Smith (S.D. Ind.1945). A seeming obiter to this effect was expressed in United States v. Aberdeen Aerie No. 24 of Fraternal Order of Eagles, 9 Cir.1945, 148 F.2d 655, affirmed D.C. 50 F.Supp. 734. See also Magruder v. Yellow Cab Co., 4 Cir., 1944, 141 F.2d 324, 152 A. L.R. 516.

The foregoing list has been confined to federal authorities. This is not because the rulings of state courts construing analogous state unemployment statutes may not be pertinent. The federal law recognizes the existence of the state laws under which the actual administration of unemployment laws is accomplished and, indeed, provides that upon the payment of the state tax 90% of the federal tax may be cancelled. The state authorities and rulings of state administrators, however, seem to fall within the divergent pattern as outlined above and add nothing but numerical weight to the view to be adopted.

The weight of authority inclines to the view that an officer of a corporation who performs no service and receives no compensation is not to be included as an employee but that a corporate officer is not excluded as an employee if otherwise the relationship of employer-employee exists. As the weight of authority so exists, so also, I think, does the cogency of the reasoning.

The differences between the two lines of authorities centered on whether Congress intended (1) to settle the disputed question as to whether a corporate officer was the type of person who, being often an actual employer, could also be an employee and covered by the Act, or (2) whether Congress intended to settle any dispute as to whether a particular corporate officer might meet the ordinary employment relationship test.

The cases following Deecy Products Co. v. Welch adopt the first view and those following Nicholas v. Richlow Mfg. Co. the latter. A consideration of the objects and purposes of the Act seem to compel the adoption of the first view.

Clearly the Unemployment Tax Act was intended to care for periods of economic stress when workers, through no fault of their own were unable to find employment. It was intended, I think, to take care of those whose enforced lack of employment entailed financial loss and whose personal resources were insufficient for a proper standard of living. For this reason a tax was imposed upon employers for the creation of a fund to operate when need should arise. How does the requirement that the "term 'employee' includes an officer of a corporation" fit into this picture? Clearly it must either have been because an officer of a corporation, being an employee, could be included in the corporate tax and be a potential beneficiary of the Act, or the officer must have been arbitrarily included as an employee in order to increase the coverage of the Act and make others potentially beneficiaries who would not otherwise be such. If the corporate officer performed no service and received no remuneration then no period of economic stress would have a prejudicial effect upon his status as corporate officer. He would suffer no pecuniary loss from lack of employment.

Since the tax paid by the corporate employer was to be measured by the wages paid for employment, either the inclusion or exclusion of an officer who received no compensation would not affect at all any tax burden on the corporation, for this tax was based upon the total wages paid. If then, as pointed out in National Wooden Box Ass'n v. United States, supra, the uncompensated corporate officer was not included in measuring the tax, it cannot be inferred that he was to be included merely to bring the corporation within the class subjected to the tax.

There seems little reason to arbitrarily include a corporate officer as an employee for the mere purpose of swelling the number of employees to eight so that those employees who were not corporate officers could come within the terms of the Act. This could have been done by the mere re-

duction of the required number of employees. No reason is assigned for the choice of the number of eight employees in order that the employer would come within the terms of the Act. The original House Bill seems to have contemplated ten employees and the Senate Bill four and the number of eight seems simply a matter of compromise.

The Government seems not to have been entirely consistent in its views. As heretofore indicated from 1936 to 1946 the Government, by Treasury Regulations and Internal Revenue Bulletins, insisted that corporate officers were "per se" employees. The Acting Commissioner of Internal Revenue on January 4, 1946 by Mimeograph Bulletin 5967 expressly abandoned this position and stated, "Officers of a corporation who, as such, perform no services and receive no remuneration in any form are not to be considered, in their capacity as officers, as employees of the corporation for employment tax purposes." I am not referred to any revocation of Bulletin 5967 or official change of this position. When, on January 20, 1947, the Commissioner of Internal Revenue denied the claim of the present plaintiff for refund of its 1942 tax, no reliance was made upon the fact that the corporate officers were "per se" employees but rather that the officers in question did in fact perform some services of a continuing nature which were not gratuitous. I am not concerned with the question of whether the officers here involved were employees under the usual common law rules. That question has neither been argued nor briefed. As the Government states in its brief, "The sole issue in the instant case is whether the three officers in question were, during the tax period (1942) employees of the taxpayer corporation within the meaning of the applicable statute and Treasury Regulation. In other words, were these officers statutory employees."

Each party by motion for summary judgment and stipulation has provided a basis for a final appealable judgment.

The motion of the plaintiff for summary judgment is granted and the motion of the defendant is denied. An appropriate order may be presented.